# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                         Docket No. 267-11-08 Vtec
                                                   & Docket No. 60-4-11 Vtec

## In re Chaves Act 250 Permit App. Appeal

## ENTRY REGARDING MOTION

Title:            Motion (on remand) to revise Condition 16 (Motion 9)

Filer:            Vermont Supreme Court

Proposed replacement language filed on March 21, 2014 by Nathan H. Stearns, attorney for Applicants David Chaves and Chaves Londonderry Gravel Pit, LLC.

Objection filed on April 11, 2014 by Hans G. Huessy, attorney for Appellants Kraig and Dorenna Hart.

Revised replacement language filed on April 23, 2014 by Attorney Stearns, for Applicants.


By its Decision issued on January 17, 2014, the Vermont Supreme Court affirmed the January 17, 2013 Merits Decision and Judgment Order of this Court that granted a state land use ("Act 250") permit to Applicants David Chaves and Chaves Londonderry Gravel Pit, LLC ("Applicant"), subject to several conditions.

The Supreme Court further concluded, however, that a portion of Condition 16 of the January 2013 Merits Decision and Judgment Order imposed a vague standard for measuring noise levels from the project, particularly when applied to noises emanating from both the project and the adjacent state highway, Route 100. In re Chaves Act 250 Permit, 2014 VT 5, ¶ 46. The Supreme Court therefore remanded the appeal concerning the pending Act 250 application (Docket No. 60-4-11 Vtec) to this Court in order to replace the vague language in Condition 16 with a more defined standard for noise measurement.

This Court immediately set this matter for a conference so that all parties could offer their initial suggestions for improving Condition 16. The Court afforded the parties time to determine whether they could come to a consensus on suggested language. In response, Applicants initially suggested replacement language that Appellants opposed. Thereafter, Applicants revised their suggested replacement language. This Court then provided all parties additional time to respond, until May 22, 2014. No further filings were made; the Court therefore considers this final issue ripe for resolution.

From the Supreme Court's decision, we understand that the specific language that it deemed vague was the third sentence of Condition 16, which reads as follows:

In no event, however, may these noise levels [from trucks entering and exiting the project site, when measured from] any portions of the properties to the north and west of the existing access driveway be greater than the noise levels which have existed in these locations for the period beginning in 2005 and ending on December 31, 2011.

With the benefit of hindsight and reflection, we agree that this language is vague and fails to provide workable standards for review of the noise levels resulting from this project. Pursuant to the Supreme Court's remand directive, we **STRIKE** the third sentence from Condition 16.

Based upon Applicant's suggested replacement language (as revised and detailed in Attorney Stearns's April 21, 2014 letter), and in the absence of any subsequent objections or suggestions, we hereby replace the stricken third sentence of Condition 16 with the following language:

*[To begin as a separate paragraph within Condition 16:]*  In no event, however, may the noise levels caused by the trucks entering and exiting from the project site be greater than the following limits at receivers 4, 5, and 6 that are depicted in Figure 18 of trial Exhibit 19:

| Scenario | Receivers | | |
|---|---|---|---|
| | 4 | 5 | 6 |
| Truck exiting Chaves with no traffic on VT 100 | 61 dBA | 55 dBA | 55 dBA |
| Truck exiting Chaves with other traffic on VT 100 | 68 dBA | 57 dBA | 71 dBA |

**(The last two sentences of Condition 16 shall remain, as another separate paragraph.)**

We believe that this Entry Order provides sufficient notice to the parties and the District 2 Environmental Commission[*] of this Court's revisions to its January 17, 2013 Judgment Order. Although this Court considered issuing an amended judgment order, we have elected not to because the Supreme Court affirmed the Judgment Order in all matters other than the third sentence of Condition 16.  In the event that any party believes that an amended judgment order is warranted and within this Court's remanded jurisdiction, we direct that they confer

---

[*] We have requested that the Court Clerk forward to the District Commission a copy of this Entry Order, as well as copies of the January 17, 2014 Supreme Court decision and our January 17, 2013 Judgment Order and Merits Decision, all for informational purposes only.  Jurisdiction over any future permit conformance matters, including conformance with the revised Condition 16, shall rest with the District Commission and the Natural Resources Board.

with the other parties and advise the Court of the same within fifteen calendar days of this Order.

We understand that our responsibilities under the Supreme Court's remand directive have now been completed. This concludes our proceedings in this remanded matter.

Electronically signed on June 23, 2014 at 04:24 PM pursuant to V.R.E.F. 7(d).



_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
C. Daniel Hershenson (ERN 3586) and Nathan H. Stearns(ERN 3585), Attorneys for David Chaves
Melanie Kehne (ERN 2561), Attorney for Natural Resources Board (FYI purposes only)
Judith L. Dillon (ERN 5040), Attorney for Agency of Natural Resources (FYI purposes only)
Hans Huessy (ERN 1813), Attorney for Kraig and Doreena Hart
David Grayck (ERN 4510), Attorney for Riverside Farm and Thomas Ettinger (FYI purposes only)
Nancy Kemper (FYI purposes only)
Angelique Jarvis (FYI purposes only)
David A. Jarvis (FYI purposes only)
David M. Rathburn (FYI purposes only)
District 2 Environmental Commission (FYI purposes only)